UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,
      Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

SCHLOTTMAN & WAGNER, P.C.
a Michigan professional corporation
      Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Jeffrey Welther, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

# JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3.  This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4.  Plaintiff is a natural person residing in Macomb County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5.  The Defendant to this lawsuit is Schlottman & Wagner, P.C. which is a Michigan company that maintains registered offices in Macomb County, Michigan.

## VENUE

6.  The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

7.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.  Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to North Rose Towne Houses Improvement Association, Inc. regarding homeowners association fees. Defendant is attempting to collect $405.00 from Plaintiff.

9.  Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC ("The Debt").

10. Defendant claims that Plaintiff failed to pay the Debt in full.

11. On or about February 19, 2014, Plaintiff received a letter from Defendant. This is the first letter that Plaintiff received from Defendant.

12. This letter states, "As of February 19, 2014, the amount of your delinquency totaled $220.00 plus $185.00 in current costs of collection.  Please remit that amount to the letterhead address, payable to the Association, within 7 days of the date of this correspondence so that it may be credited to your account. Your prompt remittance will avoid further legal action being taken."

13. This letter further states, "You may dispute the debt in writing within 30 days of the date of receiving this notice." This is contrary to the FDCPA as the consumer is entitled to dispute the debt or any part of it, at any time and in any medium.

14. Further, the letter states:

> According to the recorded Declaration of Easements, Covenants and Restrictions for the Association, our client has a lien upon your premises for non payment of the assessments and other fees. If you do not remit the total amount due within 7 days, this office has been instructed to record a Notice of Lien with the Register of Deeds for Macomb County. In addition, this office may be instructed to undertake the necessary legal actions to secure a money judgment or foreclosure of the lien using the remedies as provide in the Declaration. Furthermore, please be advised that the expenses incurred (including costs, interest and attorney's fees) in collecting delinquent Assessments and other fees may be charged to the homeowner in default and those expenses may be additionally assessed and collected in the same manner.

15. Shortly after receiving this letter, Plaintiff called Defendant to find out why he owed this alleged debt. Defendant would not give Plaintiff any information about why he owed this alleged debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692f(1) by attempting to collect an amount not permitted by law by adding a collection fee of $185.00.

   b. 15 U.S.C. §1692e(2)(A) by falsely representing the amount or legal status of the debt by adding in a fee of $185.00 and threatening judgment/foreclosure when the Defendant did not have either the present right or intention to take.

   c. 15 U.S.C. §1692e(4) by falsely representing or implying that non-payment of any debt will result in the seizure, attachment, or sale of any property.

   d. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt by telling Plaintiff to pay within 7 days, before the 30 time period to avoid legal action.  Defendant's letter failed to mention that the Plaintiff may dispute debt or any part of the debt as required by the FDCPA.  The Defendant's letter overshadowed the Plaintiff's right to demand verification of the

debt in writing within 30 days from the date he received it by demanding payment

within 7 days.

e.  15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken

or that is not intended to be taken.

21. The Plaintiff has suffered economic, emotional, general and statutory damages as a result

of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23.  Defendant is a "Regulated Person" as that term is defined in the Michigan Collection

Practices Act ("MCPA"), at MCL § 445.251.

24. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

25. Defendant's foregoing acts in attempting to collect this debt violated the following

provisions of the MCPA:

a.  MCL §445.252e by making a misleading statement in its letter.  Defendant's letter

misleads Plaintiff as follows:

i.  That Plaintiff can only dispute the entire debt and not just some portion of

it;

ii.  That Plaintiff must pay the debt in 7 days and thus, overshadows his right

to demand verification of the debt in 30 days' time;

iii.  Falsely representing the outstanding balance due to Defendant's client;

5

    b.   MCL §445.252f by misrepresenting the Plaintiff's legal rights, including but not limited to his right to dispute any part of the debt and his right to demand verification of the debt in 30 days's time;

    c.   MCL §445.252q by failing to implement a procedure designed to prevent a violation by an employee.

26. Plaintiff has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a.   Actual damages.

    b.   Statutory damages.

    c.   Treble damages.

    d.   Statutory costs and attorney fees.

Respectfully submitted,

                                   /s/ Gary Nitzkin

March 5, 2014                  GARY D. NITZKIN  P41155
                                 TRAVIS SHACKELFORD P68710
                                 MICHIGAN CONSUMER CREDIT LAWYERS
                                 Attorneys for Plaintiff
                                 22142 West Nine Mile Road
                                 Southfield, MI 48033
                                 (248) 353-2882
                                 Fax (248) 353-4840
                                 Email – gary@micreditlawyer.com