UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY WELTHER,

    Plaintiff,

v

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional
Corporation.

    Defendant.          /

Case No. 2:14-cv-11001-SJM-MKM
Hon. Stephen J. Murphy III

## MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
## FAILURE TO STATE A CAUSE OF ACTION

Now comes Schlottman & Wagner PC by and through counsel Thomas J. Budzynski, and hereby request that the court dismiss the above captioned matter pursuant to FRCP 12(b)(6), for failure to state a cause of action, and further, that the court award attorney fees pursuant to 28 USC 1927, stating as follows:

1.   The Plaintiff herein has commenced a cause of action alleging violations of both Michigan and Federal Fair Debt Collection Practices Act.

2.   The allegations, more particularly set forth in the Complaint (Doc 1) under Paragraphs 20 and 25 of the complaint, generally claim that improper notice was sent, and threats were made that were either not legally permissible or were not actually intended.

3.   The defendants for their part deny the allegations and set forth the following:

Exhibit A is the billing notice from the Association which states that collection action will proceed on February 2, 2014, on all assessments not paid with details of the billing;

Exhibit B is the letter, dated 2/19/14, forwarded by the defendants who are counsel for the Association explaining the collection process. The letter also provides a reference to the recorded Declaration of Easements, Covenants and Restrictions;

Exhibit C is an undated letter from one Katrena M. Ross, bearing her title as a paralegal, on Michigan Consumer Credit Lawyers letterhead. This letter states that the paralegal is representing the plaintiff which would constitute the unauthorized practice of law. The letter is being referred to the State Bar for appropriate action. The letter requests certain information;

Exhibit D is a letter dated March 6, 2014 from the defendant responding to the requests set forth in the undated letter;

Exhibit E is a copy of the recorded Easements, Covenants and Restrictions relative to the real estate in question. Section 8 relates to the various obligations and Section 8(d) provides for the addition of attorney fees;

Exhibit F is a copy of the title search dated 2/17/14, showing that title to the real estate is vested in the plaintiff.

4. Pursuant to the recorded easements, covenants and restrictions, the action taken herein is permitted by law and contract, and the addition of the collection fees is also permitted by the easements, restrictions and covenants of record.

5.      Pursuant to the recorded document referenced, supra, there was not only the present legal right to proceed to lien recording, judgment and foreclosure, there was every intention to do so, and the billing statement from the Association clearly indicates the intent (Exhibit A).

6.      There was no false representation that non-payment would result in sale of property, as the actions are provided for in the recorded document (Exhibit E).

7.      There was no false representation or deceptive means utilized.  The letters clearly indicate the process to be followed and reference the recorded documents which provide for same.

8.      In a like manner, Exhibit B provides notice of the 30 day right to dispute the debt.  The demand does not violate the Act, as the notice from the Association also provides a time period within which payment was to be received.  The request for payment in 7 days does not abrogate the right to dispute the debt.  The 30 day right is available up tp the 30th day, and the provision only provides for the necessity to halt collection action once the dispute is received, a matter which in fact occurred.  The construction, forced at that, sought by the defendant would indicate that the statutory intent was to provide

a party who had not paid a bill a method to further delay collection action. There is no statutory support for this construction.

9. The complaint further alleges that there was action not legally permissible or intended. In fact, the actions are legally permissible and were intended, and in fact are intended.

10. The complaints under the Michigan statute are likewise spurious for the reasons set forth, supra.

11. Attached (Exhibit G, pp. 12-18, Assessments as Property Rights) is an Opinion by Hon. Robert H. Cleland relating to condominium assessments. While the assessments hereunder are homeowner association assessments, **the analysis as to covenants running with the land are pertinent.**

12. The fact that the underlying debt herein was $405.00 indicates that this matter was brought for an improper purpose, and to unnecessarily compound litigation, in violation of both 28 USC 1927 and FRCP 11. It is clear that this was not, and is not, an attempt by an attorney to resolve a client problem, but is being used primarily to charge attorney fees perceived to be recoverable under the statute. The debt herein is a valid debt and must be paid. The debt is a lien on real property, and it may be foreclosed on.

2:14-cv-11001-SJM-MKM   Doc # 5   Filed 03/25/14   Pg 5 of 8   Pg ID 18

WHEREFORE, for the reasons set forth herein, the plaintiff has failed to state a cause of action upon which relief can be granted, and it is respectfully requested that the matter be dismissed, and that costs be awarded to the defendants. That further, the court is requested to award attorney fees to the defendants pursuant to 28 USC 1927.

It is also requested that the attorney and law firm filing the case be referred to the Federal Court Grievance Procedure for allowing the unauthorized practice of law.

Respectfully submitted,

/s/ Thomas J. Budzynski
Thomas J. Budzynski PC
Attorney for Defendant
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 3/25/14

WHEREFORE, for the reasons set forth herein, the plaintiff has failed to state a cause of action upon which relief can be granted, and it is respectfully requested that the matter be dismissed, and that costs be awarded to the defendants. That further, the court is requested to award attorney fees to the defendants pursuant to 28 USC 1927.

It is also requested that the attorney and law firm filing the case be referred to the Federal Court Grievance Procedure for allowing the unauthorized practice of law.

Respectfully submitted,

/s/ Thomas J. Budzynski
Thomas J. Budzynski PC
Attorney for Defendant
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 3/25/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY WELTHER,

    Plaintiff,

v

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional
Corporation.

    Defendant.       /

Case No. 2:14-cv-11001-SJM-MKM
Hon. Stephen J. Murphy III

BRIEF IN SUPPORT
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
FAILURE TO STATE A CAUSE OF ACTION

    The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the pleadings. See Logan Farms, et al v. HBH, Inc. DE, et al, 2003 WL 22132716, decided August 29, 2003, citing with authority, Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974), and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).

    The court also noted that the court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. See Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir.1971).

    In this matter, the plaintiff has failed to identify any statutory violation.

    A review of the United States Code as cited by the plaintiff indicates that each action taken by the defendant herein was and is authorized by law. A review of the recorded deed restrictions

clearly provide for the collection of the underlying debt, provide for a lien, and provide for attorney fees. Thus, it is clear that the defendant and his counsel have failed to review the deed restrictions of record.

In a like manner, a review of the Michigan Statutory cites as set forth by the plaintiff indicates the same situation. All actions were authorized under the deed restrictions of record and thus, were all within the confines of the statutory scheme.

It appears, or at least the impression is created, that the case with an underlying obligation of $405.00 was filed for an improper purpose with insufficient investigation, that is, not to resolve an issue for a client, but to benefit counsel. When this is reviewed in light of a paralegal stating the paralegal represented the plaintiff, the actions are even more egregious.

WHEREFORE, it is requested that the court dismiss the case for failure to state a cause of action, and award the defendants their costs and fees, and impose the sanctions of 28 USC 1927 and FRCP 11.

Respectfully submitted,
/s/ *Thomas J. Budzynski*
Thomas J. Budzynski PC
Attorney for Defendant
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 3/25/14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY WELTHER,

      Plaintiff,

v

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional
Corporation.

      Defendant.           /

Case No. 2:14-cv-11001-SJM-MKM
Hon. Stephen J. Murphy III

CERTIFICATE OF SERVICE
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
FAILURE TO STATE A CAUSE OF ACTION

      I hereby certify that on March 25, 2014, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Gary D. Nitzkin
gnitzkin@creditor-law.com,aburdick@creditor-law.com,sarah@micreditlawyer.com,jlamanna@creditor-law.com
Travis Shackelford
Tshackelford@creditor-law.com

and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

                                      /s/ Marilyn E. Lewis
                                      Secretary to
                                      Thomas J. Budzynski P26355
                                      Thomas J. Budzynski PC
                                      Attorney for Defendant
                                      43777 Groesbeck Hwy.
                                      Clinton Twp., MI 48036
                                      (586) 463-5253
                                      lawoffice@tjbudzynskipc.com

Dated: 3/25/14