UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,

    Plaintiff,                                 Case No. 14-cv-11001

v.                                          HONORABLE STEPHEN J. MURPHY, III

SCHLOTTMAN & WAGNER, P.C.,

    Defendant.

                                         /

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS** (document no. 5)

Plaintiff Jeffrey Welther brought this action under the Fair Debt Collection Practices Act ("FCDPA"), 15 U.S.C. § 1692 et seq., and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 et seq.[1] The case arises from attempts by Defendant Schlottman & Wagner, P.C., a law firm, to collect a debt for monthly dues from the homeowner's association of his condominium complex. Before the Court is Schlottman & Wagner's motion to dismiss for failure to state a claim. The Court conducted a hearing on June 3, 2014. For the reasons stated below, the Court will grant Schlottman & Wagner's motion in part and deny it in part.

**BACKGROUND**

Welther lives in a condominium where he is charged monthly dues by the North Rose Towne Houses Improvement Association, Inc. (hereinafter, "the homeowner's association"). Compl. ¶ 8, ECF No. 1; Letter, ECF No. 5-3. At issue is a letter that attorney Richard L. Wagner, Jr. of Schlottman & Wagner sent to Welther on February 19, 2014, that states the

---

[1] Welther also states in his complaint that he also bases his action on the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 et seq., but no cause of action is labeled in that manner.

homeowner's association requested the firm assist in collecting unpaid assessments from Welther. *Id.* The letter states :

> A review of our client's records indicates that you have an outstanding balance due on the above assessment account. As of February 19, 2014 the amount of your delinquency totaled **$220.00 plus $185.00 in current costs of collection**. Please remit that amount to the letterhead address, payable to the Association, within 7 days of the date of this correspondence so that it may be credited to your account. Your prompt remittance will avoid further legal action being taken.
>
> You may dispute the debt in writing within 30 days of the date of receiving this notice. If you decide to dispute this debt, our office will send you a verification of the debt or a copy of a judgment and provide you with the name and address of the original creditor. The law does not require our office to wait until the end of the 30-day period before continuing collection of this debt. If, however, you request proof of the debt, a copy of a judgment, or the name and address of the original creditor within the 30 days that begins with your receipt of the letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.
>
> If you do not dispute the validity of the debt within 30 days of receiving this notice, our office will assume that the debt is valid.
>
> According to the recorded Declaration of Easements, Covenants and Restrictions for the Association, our client has a lien upon your premises for non-payment of the assessments and other fees. If you do not remit the total amount due within 7 days, this office has been instructed to record a Notice of Lien with the Register of Deeds for Macomb County. In addition, this office may be instructed to undertake the necessary legal actions to secure a monetary judgment or foreclosure of the lien using the remedies as provided in the Declaration.

*Id.* Welther alleges that, shortly after receiving the letter, he called Schlottman & Wagner to "find out why he owed this alleged debt," but the firm would not provide that information. Compl. ¶ 15.

Welther alleges that Schlottman & Wagner violated several provisions of the FDCPA. He alleges that it violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law by adding a collection fee of $185.00, that it violated 15 U.S.C. § 1692e(2)(A) by adding a fee of $185.00 and threatening judgment or foreclosure without

a legal right to do so -- thus falsely representing the amount or legal status of the debt, and that it violated 15 U.S.C. § 1692e(4) by falsely representing or implying that non-payment of the debt would result in the property's seizure, attachment, or sale. Compl. ¶ 20(a)-(c). Welther also alleges that Schlottman & Wagner violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or to attempt to collect the debt in that the letter told Welther to pay within seven days, failed to mention that Welther could dispute any debt or part of the debt, and "overshadowed [his] right to demand verification of the debt in writing within 30 days from the date he received it by demanding payment within 7 days." *Id.* ¶ 20(d). In addition, Welther alleges that Schlottman & Wagner violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or not intended to be taken. *Id.* ¶ 20(e). Welther also generally alleges that the letter's insistence the debt must be disputed in writing is contrary to the FDCPA. *Id.* ¶ 13.

In addition, Welther alleges that Schlottman & Wagner violated Mich. Comp. Laws § 445.252(e) by making the following misleading statements in the letter: that he could only dispute the entire debt and not just some portion of it; that he must pay the debt in seven days, which "overshadows his right to demand verification of the debt in 30 days' time;" and by falsely representing the outstanding balance. *Id.* ¶ 25(a). Welther also alleges that Schlottman & Wagner violated Mich. Comp. Laws § 445.252(f) by misrepresenting his legal rights, including his rights to dispute any part of the debt and to demand verification of the debt in 30 days, and Mich. Comp. Laws § 445.252(q) by "failing to implement a procedure designed to prevent a violation by an employee." *Id.* ¶¶ 25(b)-(c).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999)).

In assessing a motion brought pursuant to Rule 12(b)(6), a court must presume as true all well-pleaded factual allegations and draw all reasonable inferences from those allegations in favor of the non-moving party. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Although a court must accept as true all factual allegations in the complaint, it need not accept as true any legal conclusion alleged therein, even if couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when it is referred to in the complaint and is central to the plaintiff's claim. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). Because the letter at issue is referred to in the complaint and is central to Welther's claims, the Court will consider it as part of the motion to dismiss without converting the motion into one for summary judgment.

## DISCUSSION

Schlottman & Wagner essentially argues that Welther's complaint must be dismissed because the debt itself is valid and the letter did not violate any of the provisions at issue. It concedes that the relevant statutes are applicable.

I. The FDCPA Claims

The FDCPA was enacted to combat certain "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress "sought to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 US.C. § 1692(e). "The FDCPA is 'extraordinarily broad,' crafted in response to what Congress perceived to be a widespread problem." *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008) (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)).

"Courts use the 'least sophisticated consumer' standard, an objective test when assessing whether particular conduct violates the FDCPA." *Id.* at 333. "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FCDPA protects all consumers, the gullible as well as the shrewd." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basis level of understanding and willingness to read with care." *Id.* (quoting *Wilson v. Quadramed Corp.*, 225 F.2d 350, 354-55 (3d Cir. 2000)).

The FDCPA "is treated as a strict liability statute in which a single violation is sufficient to establish liability." *Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C.*, No. 04-cv-733, 2005 WL 2180481, at *3 (E.D. Mich. Sept. 9, 2005). Welther erroneously interprets this standard to mean that he only needs to prove one violation of FDCPA to prevail on all claims. Instead, Welther has brought claims under seven different provisions of FDCPA and must state a claim under each of them to survive a motion to dismiss. In his response to the motion to dismiss, Welther defends only the claims that the letter erroneously required a dispute in writing, Compl. ¶ 13, and that Schlottman & Wagner violated 15 U.S.C. § 1692e(10) by its failures to inform him that he had a 30 day period to dispute the debt and that he could dispute a portion of the debt rather its whole. *Id.* ¶ 20(d). Nevertheless, the Court will consider whether Welther has adequately pleaded every FDCPA claim he has brought.

### A. § 1692f(1)

Section 1692f(1) proscribes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such an amount is expressly authorized by the agreement creating the debt or permitted by law." Welther alleges that the collection fee of $185.00 is not permitted. Schlottman & Wagner has not shown that this fee is expressly authorized by the agreement creating the debt or permitted by law. Accordingly, Welther has stated a § 1692f(1) claim.

### B. § 1692e(2)(A)

Section 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt." Welther alleges that Schlottman & Wagner "falsely represent[ed] the amount or legal status of the debt by adding in a fee of $185.00 and threatening

6

judgment/foreclosure where [it] did not have either the present right or intention to take." Compl. ¶ 20(b). The portion of this claim regarding the threat of judgment or foreclosure should be dismissed because such allegation has nothing to do with the character, amount, or legal status of the debt. Welther, however, has alleged a claim under the provision regarding the fee. He "may be able to prove that the amount of the debt represented in the letter[] was incorrect" because "it is unclear whether [the fee] was[] authorized by the [applicable] agreement or state law." *Savage v. Hatcher*, 109 F. App'x 759, 761 (6th Cir. 2004).

C. § 1692e(4)

Welther alleges that Schlottman & Wagner violated § 1692e(4) because it falsely represented or implied that non-payment of the debt would result in the property's seizure, attachment, or sale. This is a formulaic recitation of the prohibitions of the provision. Nevertheless, the letter clearly states that, if Welther did not remit the total amount due within seven days, Schlottman & Wagner might be instructed to obtain a foreclosure of the lien. The letter states that the Declaration of Easements, Covenants, and Restrictions for the homeowner's association permits such seizure of the property. Schlottman & Wagner does not point to which provision in the Declaration it has provided permits such activity and the Court has not found one. Accordingly, Welther has stated a claim under § 1692(e)(4).

D. § 1692e(10)

Section 1692e(10) prevents "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Welther's claim is that being told to pay within seven days even though he had the statutory right to dispute the debt within 30 days was

7

deceiving. Schlottman & Wagner contends that, although it was made in the same letter, the request for payment did not abrogate the right to dispute the debt within 30 days.

Telling a debtor that he must take action within seven days even though he has 30 days to dispute the debt is objectively deceptive under 'least sophisticated consumer' standard because it is inherently confusing. A violation of the FDCPA may consist of a "decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1962g to seek validation of the debt," which is exactly what occurred in the case at bar. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). The letter could have used better transitional language. *Id.* "There is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within [seven] days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991). As a result, Welther has stated a claim pursuant to § 1692e(10).

E. <u>Portion of the Debt</u>

Welther alleges that the letter's admonition that he "may dispute the debt in writing" violates the FDCPA because the statute permits disputes to any part of the debt. This claim appears to be grounded in § 1692g(a)(3), which requires "a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." The only failing of the notice at bar is that it does not specify that Welther can dispute the validity of "any portion" of the debt. Even so, given the small size of the debt at issue and its clear demarcation as consisting of an amount of delinquency and costs, the "least sophisticated

8

consumer" would know that he could challenge only a portion of the debt or at minimum present a claim purportedly challenging the entire debt that in essence challenges only a portion. As a result, Welther's claim that he was not informed that he could dispute any part of the debt must be dismissed.

  F. <u>The Writing Requirement</u>

In addition, Welther alleges that the statement that he "may dispute the debt in writing" violates the FDCPA because the statute does not require the dispute to be in writing. Such a claim is also derived from § 1692g(a)(3). "[T]he majority of courts have held that requiring a consumer to dispute a debt in writing violates the FDCPA." *Zengerle v. Dynia & Assocs., LLC*, No. 13-11592, 2013 WL 5172763, at *2 (E.D. Mich. Sept. 13, 2013) (collecting cases). As a result, Welther has stated a § 1692g(a)(3) claim that Schlottman & Wagner impermissibly required him to dispute the debt in writing.

  G. <u>§ 1692e(5)</u>

Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." Welther alleges that the statements in the letter about taking a lien on the property could not be legally taken or were not intended to be taken. Schlottman & Wagner's only response is that the act was both intended to be taken and could be legally taken, although it has not pointed to any authority that supports the validity of the act other than vague references to the Declaration. "To determine whether a communication from a debt collector constitutes a threat, the reviewing court should look to the language used as a whole." *Summers v. Merchants & Med. Credit Corp.*, No. 13-10147, 2013 WL 1507529, at *4 (E.D. Mich. Apr. 12, 2013) (quoting *Baptist v. Global Holding & Inv. Co., LLC,* No. 04-cv-2365, 2007 WL 1989450, at *2 (E.D.N.Y. July 9, 2007)).

"Examples of conduct that [] courts of appeals have deemed deceptive include impersonating a public official, falsely representing that unpaid debts will be referred to an attorney, and misrepresenting the amount of the debt owed." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006). "The act of informing a debtor of the [debt collector's] legal options does not rise to a threat under section 1692e." *Kaplan v. Law Offices of Timothy E. Baxter & Assocs., P.C.*, No. 11-14886, 2013 WL 2947369, at *3 (E.D. Mich. June 1, 2013).

The language at bar, however, when examined in the view of the least-sophisticated consumer, appears to be threatening. Since the Court is constrained to look at the letter and allegations, it is unclear that the action can be legally taken. In addition, it is unclear that the action was intended to be taken. Surely, "the debt collector may also use the pending legal action to pressure a debtor to pay back the debt informally, without serving the complaint - precisely the type of unfair practice prohibited by the FDCPA." *Tyler v. DH Capital Mgmt., Inc.*, 736 F.3d 455, 464 (6th Cir. 2013). Thus, Welther has stated a claim under § 1692e(5).

II. The MCPA Claims

"Much like its federal counterpart, the FDCPA, the MCPA prohibits various sorts of conduct, communications, and activities in the collection of a consumer debt." *Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1335 (E.D. Mich. 2011).

A. § 445.252(e)

Section 445.252(e) prohibits "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt." Welther alleges the following misleading statements: 1) that he "can only dispute the entire debt and not just some

portion of it;" 2) that he "must pay the debt in 7 days time [which] overshadows his right to demand verification of the debt in 30 days' time;" and 3) "[f]alsely representing the outstanding balance due to [ Schlottman & Wagner's] client." Compl. ¶ 25(a). The first two claims will be dismissed. The statement about disputing the "debt" is not misleading. *See* Section I.E. *supra.* In addition, the letter does not state that Welther must pay the debt within seven days, but rather, that such payment would avoid further legal action. Welther, however, has stated a claim regarding the falsity of the outstanding balance since the fee may not be permissible. *See* Section I.B *supra.*

B. § 445.252(f)

Section 445.252(f) proscribes various misrepresentations in a communication with a debtor. Welther alleges that Schlottman & Wagner misrepresented his legal rights to dispute any part of the debt and his right to demand verification of the debt in 30 days. This allegation apparently refers to § 445.252(f)(ii), which prevents misrepresentations about "[t]he legal rights of the creditor or debtor." Welther has not stated a claim under this provision. The letter appropriately informed Welther that he could dispute any part of the debt, *see* Section I.E. *supra,* and the letter did inform him of his right to demand verification of the debt in 30 days. Accordingly, this claim must be dismissed.

C. § 445.252(q)

Section 445.252(q) prevents a debt collector from "[f]ailing to implement a procedure designed to prevent a violation by an employee." This is a bare allegation. Although it is difficult to determine without discovery what procedures existed or broke down, Welther cannot make such a claim based on the receipt of one letter. As a result, the claim is different than the one at issue in *Mielle v. Bank of Am.,* No. 10-cv-11576, 2011 WL

11

1464848 (E.D. Mich. Apr. 18, 2011), when the same allegation existed, but the Court found that it was sufficient pleaded because the substance of the claims was supported by claims referring to "various communications" rather than just one. *Id.* at *8. Accordingly, because merely one communication is at issue here, this claim must be dismissed.

## CONCLUSION

The Court will deny the motion to dismiss the § 1692f(1) claim because Schlottman & Wagner has not demonstrated that the $185.00 fee is expressly authorized by the agreement creating the debt or permitted by law. The Court will only deny the § 1692e(2)(A) claim to the extent that it involves a threat of judgment or foreclosure because Welther may otherwise be able to prove that the amount of the debt, including the fee, was incorrect. Because the letter states that Schlottman & Wagner may obtain a foreclosure of the lien on Welther's property, Welther has stated a violation of § 1692e(4). He has also stated a § 1692e(10) claim as a result of the contradictory information in the letter regarding his rights and deadline to make a payment. Schlottman & Wagner is entitled to dismissal of Welther's claim that he was not informed that he could dispute any portion of the debt under § 1692g(a)(3) because the letter adequately informs him of that right, but the portion of his § 1692g(a)(3) claim challenging the letter's requirement that his dispute be in writing will stand. The § 1692e(5) claim also survives because the language about legal action appears to be threatening, it is unclear that it is legal, and Schlottman & Wagner's assertion that it intended to take the action, unsupported by evidence, is insufficient to refute the allegation.

All of Welther's claims under Mich Comp. Laws § 445.252(e) are dismissed as insufficiently pleaded except for the claim that Schlottman & Wagner falsely represented

the outstanding balance due to its client. Welther's claim under Mich Comp. Laws § 445.252(f) must also be dismissed because the letter did not make the misrepresentations as alleged and the § 445.252(q) claim will be dismissed because allegations about one letter are insufficient to establish that Schlottman & Wagner failed to implement a procedure designed to prevent a violation of the law by an employee.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Schlottman & Wagner's motion to dismiss (document no. 5) is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager