UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY WELTHER,

      Case No. 2:14-cv-11001-SJM-MKM

     Plaintiff,        Hon. Stephen J. Murphy III

v

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional
Corporation.

     Defendant. _____/

### ANSWER TO COMPLAINT

Now come Schlottman & Wagner PC by and through counsel, and in answer to the Complaint as filed herein states as follows:

1. Admit.

### JURISDICTION

2. Admit.

3. Admit.

### PARTIES

4. Admit as to the allegation of natural person, but deny as to the balance of the allegations. The property herein appears that it may be a rental property and thus, a business debt, not a consumer debt.

5. Admit.

### VENUE

6. Admit.

7. Admit.

## GENERAL ALLEGATIONS

8.   Neither admit nor deny as to a consumer debt.  It
appears that the property in question is a rental unit and
therefore, not a consumer debt.

9.   Neither admit nor deny, as it appears that this
property was a rental unit and therefore, not intended for
personal use and thus, is a business debt.

10.  Admit.

11.  Admit.

12.  Admit.

13.  Deny.  It appears the statute requires that if the
plaintiff refuses to pay the debt or wishes no further
communication, the notice must be in writing.  The plaintiff did
so in this case by use of a letter sent by a non-attorney
purporting to represent the plaintiff, a matter which in fact
constitutes the unauthorized practice of law.  Because this
plaintiff made use of such contact, it is clear that there was no
statement that would confuse the least sophisticated consumer, if
indeed this is a consumer.  The response that resulted shows a
pattern of abuse by the plaintiff and a clear understanding of
what was required.

14.  Admit, but note that this is what would commonly be

-2-

called cherry picking.  The letter refers to the contractual
agreement entered into by the plaintiff when the property
purchase entered into by the plaintiff took place.  When the
plaintiff purchased the real estate, he purchased it subject to
restrictions of record, recorded in Macomb County Records at
Liber 3558 Page 864, which restrictions run with the land
(Exhibit A-1).  The entire Declaration of Restrictions was
provided with the Motion to Dismiss (Doc 5). Pertinent portions
are again filed herewith.

The restrictions provide, inter alia, that the plaintiff
became a shareholder in North Rose Estates; see Paragraph 8(a)
and 8(d) (Exhibits A-2 & A-3).  Paragraph 8(d) further provides
for the agreement to pay the pro rata share of the costs of
maintenance.

That paragraph 8(d), commencing with the last two lines of
Page 6 and continuing to Page 7 (Exhibit A-3), provides that the
plaintiff will pay his assessments within 10 days of receipt of
the billing.  This paragraph further provides that the
assessments if unpaid within 30 days become a lien on the
property with the legal rate of interest, and shall remain a lien
until fully paid.

-3-

This same paragraph invests the Association with the legal right and power to bring all actions against such owners (those who have not paid) for the collection of such sums, plus reasonable attorney fees and costs, and to enforce the lien by foreclosure in chancery, foreclosure by advertisement, and grants a power of sale to the Association.  These methods are not limited, but encompass any legal means.

The plaintiff having owned the property for several years was aware of these matters, including the obligation to pay assessments and the fact that he had granted a lien.

As a result, the statement in open court that he was panicked by the threat of lien is patently false, since he had already granted the lien and had been paying assessments.

15.  Deny for the reason same is untrue and contrary to fact.  Upon information and belief, he made no effort to contact either the Association directly, nor the defendant.  The first contact with the plaintiff was from a non-attorney party purporting to represent him.

**COUNT I - FAIR DEBT COLLECTION PRACTICES ACT**

16.  Defendant restates and realleges paragraphs 1-15 as though set forth herein in their entirety.

-4-

17.   Neither admit nor deny.   Collection of association dues is a part of the defendant's business.

18.   Neither admit nor deny.   Upon information and belief, the property from which the underlying debt arises may be a rental property and thus, its purpose is a business purpose and not a consumer purpose and therefore, the debt is not a consumer debt.

19.   Neither admit nor deny but leave the plaintiff to his proofs.

20.   Deny for the reason that same is untrue and contrary to fact.

a.   This debt is a debt the plaintiff agreed to pay when he purchased the property.

b.   Deny for the reason same is untrue and contrary to fact.   The plaintiff granted a lien and authority to North Rose Estates to foreclose, either in court or by advertisement.   See Paragraph 8(d), Pages 6 and 7, of recorded restrictions (Exhibit A-3).

c.   Deny for the reason same is untrue and contrary to fact.   The plaintiff granted a lien and authorized foreclosure. See Paragraph 8(d), Pages 6 and 7, of recorded restrictions (Exhibit A-3).

-5-

d.   Deny for the reason same is untrue and contrary to fact.  The plaintiff agreed to pay within 30 days of mailing of the bill properly addressed pursuant to recorded restrictions. That more than 30 days had passed from the date Plaintiff was mailed a bill, and pursuant to plaintiff's agreement, he granted a lien on his property and authorized foreclosure.

These provisions were within the knowledge of the plaintiff, as he had operated under them for several years.

That in addition thereto, the plaintiff was entitled to appear at shareholders meetings where these matters were discussed and upon information and belief, failed to do so.

That the statement is neither false nor deceptive, given that the plaintiff had authorized a lien on, and foreclosure of, his property pursuant to the terms of the recorded restrictions.  The letter was in fact a mere courtesy. In addition, given that the plaintiff had lived with the restrictions for several years, he knew this.

e.   Deny for the reason same is untrue and contrary to fact.  The plaintiff specifically authorized the actions that he was reminded would take place.  The stated actions were and are legal and contractual as authorized by the plaintiff.

21.  Plaintiff has suffered no damages, but in fact has

-6-

damaged the other shareholders of North Rose Estates, a non-profit, by failing to pay his fair share of maintenance, breaching his contract to do so.  It is noted that the plaintiff to this date has not challenged the propriety of the underlying debt.

### COUNT II - VIOLATION OF
### THE MICHIGAN COLLECTION PRACTICES ACT

22.  Defendant restates and realleges paragraphs 1-21 as though set forth herein in their entirety.

23.  Neither admit nor deny, but leave the plaintiff to his proofs.

24.  Deny for the reasons set forth supra.

25.  Deny for the reasons set forth supra, and stating affirmatively that no legal right of the plaintiff was misrepresented, but instead stating affirmatively that the plaintiff was reminded of his legal obligations which he specifically granted to North Rose Estates.

26.  Deny for the reason that same is untrue and contrary to fact, as the plaintiff has suffered no damages, and in fact has not disputed his obligation.  That the plaintiff has utilized the services of a non-attorney who cannot charge fees, as it would be unauthorized practice of law, and the plaintiff's counsel appears to have failed to properly supervise employees, which would

-7-

obviate the ability to charge fees.

27. Deny for the reason same is untrue and contrary to fact.

## DEMAND FOR JURY TRIAL

Defendant relies on the Jury Demand of the Plaintiff


## REQUEST FOR RELIEF

The defendants herein request that the court find no cause of action, that the plaintiff's counsel be referred to the appropriate agency for allowing the unauthorized practice of law, that the defendants be awarded costs and fees.

Respectfully submitted,

/s/ Thomas J. Budzynski
Thomas J. Budzynski PC
Attorney for Defendants
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 6/21/14

-8-

<u>INDEX OF EXHIBITS</u>

Exhibit A-1     Declaration of Restrictions, Page One

Exhibit A-2     Paragraph 8(a), Pages 3 & 4 of Declaration of
                Restrictions

Exhibit A-3     Paragraph 8(d), Pages 6 & 7 of Declaration of
                Restrictions

EXHIBIT

A-1

UBER 3558 PAGE 864  A828534

**NORTH ROSE ESTATES**
**DECLARATION OF RESTRICTIONS**                    Dated: October 10, 1983

DECLARATION OF RESTRICTIONS of the following described realty,
to wit:

RECORDED IN MACOMB COUNTY
RECORDS AT 9:15 A. M.
NOV - 3 1983

Lots 1 thru 109, inclusive, except Lots 48, 49 and 50,
NORTH ROSE ESTATES, a replat of Lot 2 and parts of Lots
3 and 5 of Assessor's Plat No. 14 of the City of Mt.
Clemens, and part of fractional section 10, Town 2 North,
Range 13 East, City of Mt. Clemens, Macomb County,
Michigan, recorded in Liber 49, Pages 40 and 41, Macomb
County Records.

CLERK - REGISTER OF DEEDS
MACOMB COUNTY, MICHIGAN

1.   For the purposes of brevity and clarity certain terms and
words used in these restrictions are defined as follows:

DEVELOPER:       METRO TOWN HOUSES, INC., a Michigan corporation

ASSOCIATION:     NORTH ROSE TOWNE HOUSES IMPROVEMENT ASSOCIATION,
                 INC., a Michigan non-profit corporation, its
                 successors and assigns.

SUBDIVISION:     Lots 1 thru 109, inclusive, except Lots 48, 49 and
                 50, contained within North Rose Estates.

BUILDING:        A structure consisting of a series of attached
                 towne houses built or to be built within the
                 subdivision.

TOWN HOUSE:      An attached one-family dwelling unit plus its
                 accompanying parcel of land, which dwelling unit
                 may be attached to other dwelling units by a
                 common party wall.

PARCEL:          A platted lot or a portion of a platted lot within
                 the subdivision.

PARKING AREA:    Those parcels or portions of parcels designated
                 by the developer as such which may be found on
                 the recorded plat or other areas designated as
                 such by the developer or the Association.

RECREATION       Areas designated as such by the Association, which
AREA:            may be portions of the outlots or other parcels
                 within the subdivision.

WALKS:           The front, including the walk to the front door,
                 side and rear walks as may be installed by only
                 the developer.


     Said subdivision is hereby restricted to residential dwell-
ings, including towne houses, or apartments for residential use.
All buildings or structures erected in said subdivision shall be
of new construction and no buildings or structures shall be
moved from other locations onto said subdivision and no subsequent
buildings or structures other than towne houses shall be built.

DRAFTED BY & RETURN TO:
GERALD F. DOHERTY (P12838)
33 Crocker, Mt. Clemens, MI 48043

EXHIBIT

A-2

LIBER 3558 PAGE 866

NORTH ROSE ESTATES                                        PAGE THREE
DECLARATION OF RESTRICTIONS

be regularly removed from the premises and shall not be allowed
to accumulate thereon and shall be kept screened by adequate
planting or fencing so as to conceal them from view of neighbor-
ing parcels and streets.

7.   No fences, other than chain-link fences of a height of
four (4) feet with five (5) foot gates (in width), shall be
erected or maintained around the perimeter of any lot within the
subdivision other than four (4) redwood fences now in existence
located at 137 Mark Drive, 139 Mark Drive, 147 Mark Drive and
149 Mark Drive, these fences being specifically exempted from
the provision of this amendment since they are presently in
existence; provided, however, that redwood privacy fences which
do not extend around the perimeter of said lots, hedges or walls
may be approved by the Architectural Committee in the manner
set forth in paragraph eight (8) hereof.

8.   Towne houses have been, and it is anticipated that further
towne houses will be, constructed on various parcels within the
subdivision and the ownership of individual towne houses shall
be evidenced by a deed to the parcel upon which each such towne
house is situated.  Any Co-operative action necessary or appro-
priate to the proper maintenance and upkeep of commonly used
areas including recreation and parking areas and walks shall be
undertaken by the Association.  On or before the construction
and conveyance of the total number of towne houses as would
require the total vehicular parking capacity of the appropriate
area set aside in said subdivision for such purposes for such
area, the developer shall convey all parking areas to be used
in common as shown on the plat of this subdivision and will
convey his easement rights in on-site parking areas appurtenant
to the common parking areas to the Association.  Provided,
however, the developer agrees to convey to the Association
sufficient parking area either in fee or by way of easement, as
hereinbefore provided, so that every towne house will have a
parking space.  In the event any towne house owner is required
to park his car or cars off his lot on an Association owned
common parking area, each towne house owner shall be assigned a
permanent parking space in the common area.  The powers, rights
and duties of the Association shall be as follows and as may be
adopted in its Articles of Incorporation and By-Laws and as the
same may be amended from time to time, but not inconsistent
herewith:

    (a)  Membership in the Association except for membership
of the incorporators and the first board of directors, shall be
limited to owners of record and land contract vendees of parcels
within the subdivision upon which towne houses are or are to be
constructed by the developer.  Membership shall accompany and be
part of the ownership of the share of capital stock in the
Association.  196 town houses are planned for the subdivision,
and one share of stock in the Association shall be issued to the
owner of record of each parcel upon which a towne house is con-
structed and conveyed by the developer, and one share of stock

DRAFTED BY & RETURN TO:
GERALD F. DOHERTY (P12838)
33 Crocker, Mt. Clemens, MI 48043

LIBER 3558 PAGE 867

PAGE FOUR

NORTH ROSE ESTATES
DECLARATION OF RESTRICTIONS

8(a) cont.

for each of the parcels upon which a towne house has not yet been constructed and conveyed shall be issued to the developer or its designees. The developer or its designees shall assign each of such shares to the respective owner of record as a towne house is constructed and conveyed on each parcel.

In the event any such parcel is owned by two or more persons whether by joint tenancy, tenancy in common or otherwise, the membership as to such parcel shall be joint and a single share of stock for such parcel shall be issued in the name of all and they shall designate to the Association in writing at the time of issuance, one of their number who shall hold the membership and have the power to vote said share, and in the absence of such designation and until such designation is made, the Board of Directors of the Association shall make such designation.

(b) The Association shall hold title in fee or in easement to said various parking areas in the subdivision, and such other areas as may be acquired by it and be set aside and maintained for the use or enjoyment or convenience of the owners of parcels in the subdivision, and such parcels within the subdivision it acquires in the furtherance of its powers and purposes as set forth herein.

(c) The Association shall maintain and otherwise manage the vehicular parking areas located upon the areas described in paragraph 8 and 8(b). There are contained within the subdivision three (3) parking lots, 196 assigned parking spaces (hereinafter referred to as parking pads) and an undetermined number of unassigned parking pads.

1. There shall be an assigned parking pad for each unit, numbered to correspond with each unit's address.

2. All unassigned parking pads shall be on a first come, first serve basis for the residents of the building that the unassigned parking pad services.

3. The parking lots on North Christine and South Christine are for assigned parking only. These lots are not to be used for vehicle storage or vehicle repair.

4. The parking lot on Parnacott is an overflow parking lot for passenger vehicles and recreational vehicles that are currently licensed and in operating condition. Any vehicle parked in the Parnacott lot must be a self-propelled unit with the exception of recreational camper and/or travel trailers. Boat trailers, utility trailers, truck beds or the like shall not be parked or stored in this lot or any other lot or pad.

5. All vehicles parked in any parking pad or lot must be currently licensed and in operable condition (i.e., able to be driven out of the pad or lot at a moment's notice). Any vehicle not meeting these standards shall be subject to removal from the pad or lot by the Association at the owner's expense.

DRAFTED BY & RETURN TO:
GERALD F. DOHERTY (P12838)
33 Crocker, Mt. Clemens, MI 48043

EXHIBIT

A-3

8.cont.

(d)    The owner of record of each parcel in said subdivision upon which a towne house has been constructed and conveyed by the developer for himself, his heirs, successors and assigns, covenants that each such parcel shall entitle the owner or owners thereof to one share of stock and one membership in the Association for himself and his family residing in the residence on such parcel, which stock and membership shall be subject to all of the provisions of the Association's Articles of Incorporation and By-Laws and these Restrictions as now in effect or duly adopted and amended. Said owner of each such parcel for himself, his heirs, successors and assigns further covenants that each such parcel shall be subject to an assessment in an amount to be determined by the Association in the following manner:

(1)    Such parcel's pro-rata share of the actual cost to the Association of all repair and maintenance of areas owned by the Association and areas owned by others and the payment of taxes and other charges required by paragraph 8(c) hereof.

(2)    Such parcel's pro-rata share of the actual cost to the Association of such recreational facilities as may be from time to time provided by the Association.

(3)    Such parcel's pro-rata share of such sums as the Board of Directors of the Association shall determine to be fair and prudent for the establishment and maintenance of a reserve for repair, maintenance, taxes and other expenses of the Association, and other charges as specified in paragraph 8(c) hereof. Said Board of Directors shall specifically establish a reserve for the maintenance, repair, replacement and management of all sanitary sewer connections between the front lot lines and the fronts of towne houses within the subdivision and shall provide for the management and accounting of said reserve separately from any other funds of reserves of the Association, and the invoices submitted to said owners as provided herein shall indicate which portion, if any, of the particular billing is being set aside in this reserve.

(4)    Said pro-rata share shall be determined by dividing the number of parcels upon which towne houses have been constructed and conveyed to others by the developer into the total amount determined under sub-paragraphs (1), (2) and (3) above.

Invoices for such pro-rata amount determined pursuant to sub-paragraphs (1), (2), (3) and (4) of this sub-paragraph 8(d) shall be submitted to said owners or record monthly or at such other regular intervals as may be fixed by the Association. The pro-rata amount may be increased or modified by vote of the majority of the shares of stock of the Association present and voting in person or by proxy at any meeting of the members called for that purpose. Each said owner, for himself, his heirs, successors and assigns, covenants that with respect to an assess-

DRAFTED BY & RETURN TO:
GERALD F. DOHERTY (P12838)
33 Crocker, Mt. Clemens, MI 48043

NORTH ROSE ESTATES
DECLARATION OF RESTRICTIONS                    PAGE SEVEN

8.(d) cont.

ment so determined during the period he is an owner, he will pay
this assessment to the Association within ten (10) days of
receipt of an invoice for same or within ten (10) days after an
invoice for same is deposited, postage prepaid, in the United
States mails addressed to such owner or his voting designee, and
further covenants that said assessments shall, if not paid within
thirty (30) days from the date said invoice is received or is
deposited, postage prepaid, in the United States mails, addressed
to such owner of his voting designee become a lien with the
legal rate of interest thereon upon said owner's parcel and
shall continue to be such lien until fully paid.  Each said owner,
by his acceptance of a deed to a parcel in the subdivision, which
such deed shall be subject to these Restrictions and shall recite
the liber and page of the recording hereof, hereby expressly
invests in the Association the right and power to bring all
actions against such owners for the collection of such assessments
plus reasonable attorney fees and court costs, and to enforce
the aforesaid lien by all methods available for the enforcement
of such liens, including but not by way of limitation, foreclosure
in chancery and foreclosure by advertisement and such owner
hereby expressly grants to the Association a power of sale in
connection with said lien.

    (e).  In the event the owner of record of any parcel shall
fail to maintain his parcel and the exterior of any improvements
situated thereon or fail to replace or repair his unit if damaged
by the following but not limited to fire, lightning, wind storm,
hail, explosion, air craft, vehicles, riot or civil commotion in
a manner satisfactory to the Board of Directors of the Associa-
tion, the Association after approval of the decision of the
Board of Directors by affirmative vote of at least fifty (50%)
percent of the shares of stock of the Association issued and
outstanding voting in person or by proxy at any meeting of the
members called for this purpose, shall have the right, through
itself, its agents and assigns, to enter upon such parcel and
to repair, rehabilitate and restore such parcel and the exterior
of any improvement thereon to substantially the same condition
said parcel and any improvement thereon were in at the time the
developer constructed and conveyed same.  Each owner, for himself,
his heirs, successors and assigns, covenants that the cost
thereof shall be an assessment on such parcel so repaired,
rehabilitated or restored, and that he will pay the Association
said assessment in the time and manner set forth in subparagraph
8(d) hereof for the payment of assessments therein to the
Association and that said assessments shall become a lien with
legal interest thereon on such parcel in the time and manner
and be subject to collection and enforceability all as set forth
in said subparagraph 8(d).  It is further agreed that the
Association shall have the right to pay and discharge the debt
of any contractor or materialman furnishing labor or material in
connection herewith and the Association shall then be subrogated
to all rights which said contractor or materialman may have
against such owner of such parcel in addition to the other rights
and powers of the Association as heretofore set forth.

DRAFTED BY & RETURN TO:
GERALD F. DOHERTY (P12838)
33 Crocker, Mt. Clemens, MI 48043

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JEFFREY WELTHER,

        Plaintiff,

v

Case No. 2:14-cv-11001-SJM-MKM
Hon. Stephen J. Murphy III

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional
Corporation.

      Defendant. _____/

CERTIFICATE OF SERVICE
ANSWER TO COMPLAINT

    I hereby certify that on June 21, 2014, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Gary D. Nitzkin
gnitzkin@creditor-law.com,aburdick@creditor-law.com,sarah@micreditlawyer.com,jlamanna@creditor-law.com
Travis Shackelford
Tshackelford@creditor-law.com

and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants:

                      /s/ Marilyn E. Lewis
                      Secretary to
                      Thomas J. Budzynski P26355
                      Thomas J. Budzynski PC
                      Attorney for Defendant
                      43777 Groesbeck Hwy.
                      Clinton Twp., MI 48036
                      (586) 463-5253
                      lawoffice@tjbudzynskipc.com

Dated: 6/21/14