UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,
      Plaintiff,

-vs.-                           Case No: 14-11001
                                      Hon. Stephen J. Murphy, III

SCHLOTTMAN & WAGNER, P.C.
a Michigan professional corporation
      Defendant.
_____

# PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

Plaintiff, through counsel, asks this Honorable Court for leave to file a First Amended Complaint. For the reasons stated below and in the attached brief, no prejudice would befall the Defendants as the result of the proposed amendment.

The Plaintiff originally filed his complaint naming only the law firm of Schlottman and Wagner as a Defendant. Plaintiff has since learned that Mr. Wagner is also a proper party to this action. He is a debt collector as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"). In order for Plaintiff to obtain complete relief in this case, Plaintiff moves this court to allow him to file this First Amended Complaint to include Richard Wagner, Jr. as a defendant.

Plaintiff is unable to obtain the Defendants' concurrence with the relief sought in the instant Motion, as Schlottman and Wagner's attorney, Mr. Thomas Budzynski categorically declined the relief sought in this motion.

**WHEREFORE, Plaintiff respectfully requests** that this Honorable Court enter an order granting Plaintiff leave to file his First Amended Complaint (a copy of which is attached hereto as Exhibit A) adding Richard Wagner, Jr. as a defendant.

i

Respectfully submitted,

October 7, 2014

/s/ Gary Nitzkin
GARY D.  NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

**Proof of Service**

I, <u>Gary Nitzkin</u> hereby state that on October 7, 2014, I served a copy of the within pleading upon all counsel and parties as their address appear of record via email through the court's CM/ECF system.

<u>/s/ Gary Nitzkin</u>

### CERTIFICATION PURSUANT TO LR 7.1

I, Gary Nitzkin, hereby state that pursuant to LR 7.12, I have sought the concurrence to the relief requested in this motion from Defense counsel, Thomas Budzynski and was unable to obtain that concurrence.

<u>/s/ Gary Nitzkin</u>

## QUESTION PRESENTED

Whether Plaintiff should be allowed to file a First Amended Complaint.

     Plaintiff responds:    "Yes"

     Defendant responds:  "No.".

# TABLE OF CONTENTS

PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT ....................................... i

Proof of Service ........................................................................................................ ii

   Certification pursuant to LR 7.1 .......................................................................... ii

QUESTION PRESENTED ....................................................................................... iii

TABLE OF CONTENTS .......................................................................................... iv

INDEX OF AUTHORITY .......................................................................................... v

BRIEF IN SUPPORT PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT ... 1

   Procedural History ............................................................................................... 1

   Legal Standard .................................................................................................... 1

   ARGUMENT ....................................................................................................... 2

      Richard Wagner, Jr. is a debt collector under the Fair Debt Collection Practices Act. .......... 2

      The Court should allow the Plaintiff to file an amended complaint to include Richard
Wagner Jr. ............................................................................................................ 3

   CONCLUSION ...................................................................................................... 4

   FIRST AMENDED COMPLAINT AND JURY DEMAND ................................................. 1

   DEMAND FOR RELIEF ........................................................................................... 7

# INDEX OF AUTHORITY

**Cases**

Foman v. Davis, 371 U.S. 178, 182 (1962) ................................................................... 3

*Heintz v. Jenkins, 514 U.S. 291, 299 (U.S. 1995)* ....................................................... 2

*Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 437 (6th Cir. Ohio 2008)* 2

**Rules**

Fed.R.Civ.P. 15 .............................................................................................................. 1

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,
     Plaintiff,

-vs.-                                Case No: 14-11001
                                      Hon. Stephen J. Murphy, III

SCHLOTTMAN & WAGNER, P.C.
a Michigan professional corporation
     Defendant.
_____

# BRIEF IN SUPPORT PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT

## PROCEDURAL HISTORY

The Plaintiff originally filed his complaint naming only Schlottman and Wagner, P.C. as a Defendant.  Plaintiff has since learned that Richard Wagner, Jr., a named partner in the firm, is properly a defendant to this action as well.  Indeed, both of the letters that violate the Fair Debt Collection Practices Act that emanated from Schlottman and Wagner, were prepared over Richard Wagner's signature block.  Indeed, he is a debt collector as defined by the FDCPA and is liable to the Plaintiff as is his firm.

The parties have, to date, only engaged in written discovery.  Discovery cut off in this case is set for

## LEGAL STANDARD

Fed.R.Civ.P. 15 provides:

> (a) Amendments Before Trial.
>     (1) Amending as a Matter of Course.
>         A party may amend its pleading once as a matter of course within:
>             (A) 21 days after serving it, or
>             (B) if the pleading is one to which a responsive pleading is
>             required, 21 days after service of a responsive pleading or 21

1

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments.
In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

## ARGUMENT

### RICHARD WAGNER, JR. IS A DEBT COLLECTOR UNDER THE FAIR DEBT COLLECTION PRACTICES ACT.

The FDCPA defines a "debt collector" as follows:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

In interpreting this statute, the United States Supreme Court held that the Act applies to attorneys who "regularly" engage in consumer-debt-collection activity, even when that activity consists of litigation. *Heintz v. Jenkins, 514 U.S. 291, 299 (U.S. 1995)*. FDCPA does not limit liability to business entities or employers. Rather, under the FDCPA, liability extends to all "debt collectors," defined as "any person . . . in any business the principal purpose of which is the collection of any debts . . . ." *Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 437 (6th Cir. Ohio 2008)*.

In this case, Wagner sent two letters that Plaintiff alleges, violated the FDCPA. Although both letters contain Wagner's signature block, only one of these letters was actually signed by him. Plaintiff equally alleges that both Defendants regularly engage in consumer debt collection. Upon these facts and allegations, Mr. Wagner is a proper party to this action along with his firm. Schlottman and Wagner, P.C.

2

**THE COURT SHOULD ALLOW THE PLAINTIFF TO FILE AN AMENDED COMPLAINT TO INCLUDE RICHARD WAGNER JR.**

In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the United States Supreme Court held that the Federal Rules of Civil Procedure themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action.  Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;'" this mandate is to be heeded.  *Id*.

The *Forman* Court also set forth the following standard for determining when a Motion to Amend should be granted, holding that:

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Id*.

Here, the Plaintiff originally filed his complaint naming Schlottman and Wagner as a Defendant.  Plaintiff has since learned that Richard Wagner, Jr., a named partner at Schlottman and Wagner, is a debt collector under the FDPCA.   Accordingly, Plaintiff seeks to amend his complaint to include Mr. Wagner as a defendant, in addition to his firm, Schlottman and Wagner

The requested amendment in this case is not the result of bad faith or dilatory motive, and Plaintiff's counsel sought to file the First Amended Complaint without delay.  The pleadings in this matter have not been amended previously and no undue prejudice would befall Defendant as a result of the proposed amendment, which is not futile.  Therefore, the Plaintiff should be allowed to file a First Amended Complaint in this case.

3

**CONCLUSION**

Plaintiff should be allowed to file a First Amended Complaint.  Fed. R. Civ. P. 15(a), as interpreted by the Supreme Court, is a mandate requiring trial courts to grant leave to amend pleadings when justice so requires.  In this case, justice requires that this Honorable Court grant Plaintiff leave to file his First Amended Complaint (Exhibit A) to add Richard Wagner as a defendant.

Respectfully submitted,

October 7, 2014

/s/ Gary Nitzkin
GARY D.  NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

4

**EXHIBIT A**

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,
       Plaintiff,

-vs.-                                  Case No: 14-11001
                                        Hon. Stephen J. Murphy, III

SCHLOTTMAN & WAGNER, P.C.
a Michigan professional corporation, and
RICHARD WAGNER, Jr.,
       Defendants.
_____

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Jeffrey Welther, through counsel, Michigan Consumer Credit Lawyers, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

1

## PARTIES

4.  Plaintiff is a natural person residing in Macomb County, Michigan. Plaintiff is a
    "consumer" and "person'' as the terms are defined and used in the FDCPA. Plaintiff is
    also a "consumer," "debtor" and "person" as the terms are defined and or used in the
    MCPA and MOC.

5.  The Defendants to this lawsuit are:

    a.  Schlottman & Wagner, P.C. ("SW") which is a Michigan company that maintains
        registered offices in Macomb County, Michigan. SW uses interstate commerce
        and the mails in a business the principal purpose of which is the collection of
        debts. SW regularly collects or attempts to collect, directly or indirectly, debts
        owed or due or asserted to be owed or due another. SW is a "debt collector" as the
        term is defined and/or used in the FDCPA. SW is a "regulated person" as the term
        is defined and/or used in the MCPA; and

    a.  Richard Wagner, Jr., ("Wagner") who is an individual, licensed to practice law in
        Michigan and, upon information and belief, is an owner, employee and/or
        manager of co-Defendant Schlottman and Wagner, P.C. During all times
        pertinent hereto, Mr. Wagner (a) created the collection policies and procedures
        used by SW and its employees, (b) managed the daily collection operations of
        SW, (c) oversaw the application of the collection policies and procedures used by
        SW and its employees, (d) ratified the unlawful debt collection policies and
        procedures used by SW and its employees, and (e) had knowledge, approved and
        ratified the debt collection practices used by SW and its employees to collect an
        alleged debt from plaintiff as described below in this complaint. Mr. Wagner uses

2

interstate commerce and the mails in a business the principal purpose of which is

the collection of debts. Mr. Wagner regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another.

Mr. Wagner is a "debt collector" as the term is defined and/or used in the

FDCPA. Mr. Wagner is a "regulated person" as the term is defined and/or used in

the MCPA.

## VENUE

6.  The transactions and occurrences which give rise to this action occurred in Macomb

County, Michigan.

7.  Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.   Defendants are attempting to collect a consumer type debt allegedly owed by Plaintiff to

North Rose Towne Houses Improvement Association, Inc. regarding homeowner's

association fees. Defendant is attempting to collect $405.00 from Plaintiff.

9.  Any resulting obligation to pay money was a "debt" as the term is defined and/or used in

the FDCPA and MCPA ("The Debt").

10. Defendants claim that Plaintiff failed to pay the Debt in full.

11.  On or about February 19, 2014, Plaintiff received a letter from Defendants, signed by

Wagner ("First Letter").   This is the first letter that Plaintiff received from Defendant.

12. The First Letter states, "As of February 19, 2014, the amount of ***your delinquency*** totaled

(sic) $220.00 plus $185.00 in current costs of collection.  Please remit that amount to the

letterhead address, payable to the Association, within 7 days of the date of this

3

correspondence so that it may be credited to your account. Your prompt remittance will avoid further legal action being taken."

13. North Rose, the Defendant's client, has produced a document showing that the Plaintiff was overdue by $20 and not $220.  Hence, Defendant's first letter falsely stated that Plaintiff was delinquent by $220 when in fact, he was only delinquent by $20.  Defendant violated 15 U.S.C. 1692e by falsely representing the character, status and legal status of his debt.  The Defendants violated 15 U.S.C. 1692f by attempting to collect money that was not overdue and for which Defendants had no right to demand.

14. Moreover, the Defendants had no legal basis for demanding $185 in attorneys' fees from the Plaintiff.  The Defendants attempted to collect a cost or fee for which they had no legal basis, in violation of 15 U.S.C. 1692f(1).

15. This letter further states, "You may dispute the debt in writing within 30 days of the date of receiving this notice." This is contrary to the FDCPA as the consumer is entitled to dispute the debt *or any part of it*, at any time and in any medium.

16. Further, the letter states:

> If you do not remit the total amount due within 7 days, this office has been instructed to record a Notice of Lien with the Register of Deeds for Macomb County. In addition, this office may be instructed to undertake the necessary legal actions to secure a money judgment or foreclosure of the lien using the remedies as provide in the Declaration. Furthermore, please be advised that the expenses incurred (including costs, interest and attorney's fees) in collecting delinquent Assessments and other fees may be charged to the homeowner in default and those expenses may be additionally assessed and collected in the same manner.

17. This provision of the Defendants' letter completely overshadows the Plaintiff's right to a 30 day window to dispute the debt or any part of it, pursuant to 15 U.S.C. 1692g(a)(4).  Defendants had no right to shorten the Plaintiff's dispute time frame from 30 days to 7

4

days.  The FDCPA is a strict liability statute and the above referenced provision, amongst others, clearly violated the Act.

18. Shortly after receiving this letter, Plaintiff called Defendant to find out why he owed this alleged debt. Defendant would not give Plaintiff any information about why he owed this alleged debt.

19. On March 6, 2014, Defendants issued a second demand letter to Plaintiff ("Second Letter").  This second letter was sent in response to Plaintiff's demand for verification of the debt.  In the Second Letter, Plaintiff demanded an additional $60 in attorneys' fees for providing such verification.  Defendants had no basis, legal or contractual, to demand any attorneys' fees from the Plaintiff.  Defendants' letter violated 15 U.S.C. 1692f(1).


## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates the preceding allegations by reference.

21. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

22. Each Defendant is a "debt collector" under FDCPA.

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA as stated above.

24. As a direct and proximate cause of the Defendants' violations of the FDCPA, the Plaintiff has suffered economic, emotional, general and statutory damages.


## COUNT II - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

5

26.  Each Defendant is a "Regulated Person" as that term is defined in the Michigan
Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendants' foregoing acts in attempting to collect this debt violated the following
provisions of the MCPA:

    a.   MCL §445.252e by making a misleading statement in its letter.  Defendant's
letters mislead Plaintiff as follows:

        i.   That Plaintiff can only dispute the entire debt and not just some portion of
it;

        ii.   That Plaintiff must pay the debt in 7 days and thus, overshadows his right
to demand verification of the debt in 30 days' time;

        iii.   Falsely representing the outstanding balance due to Defendant's client;

        iv.   Falsely representing that the Plaintiff is indebted for attorney's fees of
$185 and subsequently for an additional $60.

    b.   MCL §445.252f  by misrepresenting the Plaintiff's legal rights, including but not
limited to:

        i.   his right to dispute any part of the debt and his right to demand
verification of the debt in 30 day time and not 7 as demanded by the
defendants;

        ii.   falsely representing the amount of the Plaintiff's delinquency in the First
Letter;

        iii.   Falsely representing that the Plaintiff is indebted for attorney's fees of
$185 and subsequently for an additional $60.

6

    c.  MCL §445.252q by failing to implement a procedure designed to prevent a

        violation by an employee.


29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.


## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.


## DEMAND FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the

defendant:

    a.  Actual damages.

    b.  Statutory damages.

    c.  Treble damages.

    d.  Statutory costs and attorney fees.

Respectfully submitted,

October 7, 2014

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

8