UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,

    Plaintiff,                                    CIVIL ACTION NO. 14-CV-11001

vs.                                         DISTRICT JUDGE STEPHEN J. MURPHY III

                                            MAGISTRATE JUDGE MONA K. MAJZOUB

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional Corporation,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT [25] AND GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE [39]

Before the Court are Plaintiff's Motion to File First Amended Complaint (docket no. 25) and Plaintiff's Motion to Have Kimberly Crane Show Cause as to Why She Should Not Be Held in Contempt of Court for her failure to respond to a subpoena under Fed. R. Civ. P. 45 (docket no. 39). Defendant filed a Response to Plaintiff's Motion to File a First Amended Complaint. (Docket no. 30.) The Motions were referred to the undersigned for consideration. (Docket nos. 28 and 42.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

**I.    Background**

Plaintiff Jeffrey Welther filed his initial Complaint on March 7, 2014, against Defendant Schlottman & Wagner, P.C., a law firm based in Macomb County, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), and the Michigan Collection Practices Act, MCL § 445.251 (MCPA), stemming from Defendant's attempt to collect a $220.00 debt and

1

$185.00 in associated costs. (Docket no. 1.) The parties initial disclosures under Rule 26(a)(1) were due on September 12, 2014, and discovery was to continue through February 28, 2015. (*See* docket no. 15.)

On October 7, 2014, Plaintiff filed his instant Motion to File First Amended Complaint, which seeks to add attorney Richard Wagner, Jr. a partner at Schlottman & Wagner, as a defendant in this matter. (Docket no. 25.) And on October 13, 2014, Plaintiff's counsel served a subpoena on Kimberly Crane pursuant to Fed. R. Civ. P. 45, requesting that she produce certain board of director's meeting minutes from the North Rose Towne House Improvement Association. (*See* docket no. 39 at 11, 14.) The requested documents were to be produced to Plaintiff's counsel by 5:00 p.m. on November 13, 2014, but Ms. Crane did not respond. (*See* docket no. 39.) Plaintiff's counsel contacted Ms. Crane on November 20, 2014, to inquire as to the status of the production, but again, she did not respond. (*See id.* at 21.) Plaintiff then filed his instant Motion to Show Cause asserting that Ms. Crane should be held in contempt of court for her failure to abide by the subpoena, that she should be ordered to produce the requested documents, and that Plaintiff's counsel be awarded costs associated with filing Plaintiff's Motion. (Docket no. 39.)

**II. Plaintiff's Motion to Amend**

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying

2

the litigation." *Id*. (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id*. (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To

make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Plaintiff seeks leave to amend his Complaint to add attorney Richard Wagner, Jr. as an individual defendant in this matter. Plaintiff asserts that Mr. Wagner is a proper defendant in this matter because he is a "debt collector" as defined by the FDCPA, and the collection letters sent to Plaintiff by Schlottman & Wagner, P.C. contained Mr. Wagner's signature block. (Docket no. 25 at 8-10.) Plaintiff argues that he failed to include Mr. Wagner as a defendant in the initial Complaint because he has "since learned that Richard Wagner, Jr., a named partner at Schlottman and Wagner, is a debt collector under the FDCPA." (*Id.* at 9.) Defendant's only substantive response in opposition of Plaintiff's Motion is that Plaintiff must be seeking to add Mr. Wagner as a defendant to harass defendant and enhance its fees because Plaintiff was aware before he filed his initial Complaint that Mr. Wagner's name was on the signature block of the letters and that Mr. Wagner was a partner at Schlottman & Wagner, P.C. (Docket no. 30.)

Defendant draws the Court's attention to M.C.L. § 450.1285(2) for the premise that a member of a professional firm may be held liable for his individual acts. (Docket no. 30 at 2.) But Section 450.1285 does not automatically pass liability on to a Professional Corporation's partner in his individual capacity when the corporation is found liable for wrongdoing. Moreover, Defendant has provided no reason to suggest that allowing Plaintiff's Motion to Amend would prejudice defendant in any way. Therefore, the Court will grant Plaintiff's Motion to

4

Amend.

### III. Plaintiff's Motion to Show Cause

Fed. R. Civ. P. 45 governs the issuance of subpoenas for the discovery of information from third parties. Rule 45(e) provides that the "issuing court may [on its own or on a party's motion] hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Ms. Crane was properly served with Plaintiff's subpoena in this matter, and she failed to properly produce the requested documents. She has filed no objection, has not moved to quash the subpoena, and has not responded to Plaintiff in any manner. Therefore, the Court will grant Plaintiff's Motion and will order Ms. Crane to appear and show cause why she should not be held in contempt of court for his failure to produce materials for inspection as directed. The Court will also order Ms. Crane to produce the requested documents at or before the time of the hearing and will determine whether costs are appropriate at the time of the hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File First Amended Complaint [25] is **GRANTED**. The Amended to Complaint to be filed by **April 24, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause [39] is **GRANTED IN PART** as follows:

- Kimberly Crane is ordered to appear on **May 6, 2015, at 2:00 p.m.**, in Room 642 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan **and show cause why she should not be held in contempt of court for her failure to produce materials in response to a subpoena** on October 13, 2014;

- Kimberly Crane is order to produce the documents requested in the October 13, 2014

5

subpoena at or before the hearing on **May 6, 2015 at 2:00 p.m.**; and

- The Court will determine whether costs are appropriate with regard to Plaintiff's Motion at the **May 6, 2015** hearing.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   April 14, 2015                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Kimberly Crane, at 124 S. Christine, Mt. Clemens, MI 48043, on this date.

Dated:   April 14, 2015                    s/ Lisa C. Bartlett
                                           Case Manager