**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY WELTHER,

    Plaintiff,                          CIVIL ACTION NO. 14-CV-11001

vs.                                   DISTRICT JUDGE STEPHEN J. MURPHY III

                                      MAGISTRATE JUDGE MONA K. MAJZOUB

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional Corporation, and
Richard Wagner, Jr.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Jeffrey Welther filed his initial Complaint on March 7, 2014, against Defendant Schlottman & Wagner, P.C., a law firm based in Macomb County, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), and the Michigan Collection Practices Act, MCL § 445.251 (MCPA), stemming from Defendant's attempt to collect a $220.00 debt and $185.00 in associated costs. (Docket no. 1.) On April 14, 2015, the Court granted Plaintiff's Motion to Amend, allowing Plaintiff to add Defendant Wagner to this matter through his First Amended Complaint. (Docket no. 48.)

On December 18, 2014, after Kimberly Crane failed to respond to a Rule 45 subpoena requesting production of documents, Plaintiff filed a Motion for Order to Show Cause why Ms. Crane should not be held in contempt. (Docket no. 39.) The Court granted Plaintiff's Motion and ordered Ms. Crane to appear at a hearing at 2:00 p.m. on May 6, 2015. (Docket no. 48.) Ms. Crane failed to appear. At the hearing, Plaintiff's counsel requested that Ms. Crane be held in

1

contempt.

Plaintiff's request is now before the Court. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(e)(6)(B).

I.      Recommendation

For the reasons stated herein, the Court should hold Ms. Crane in contempt for failure to comply with Plaintiff's subpoena and for failure to appear at the May 6, 2015 hearing. Additionally, the Court should order Ms. Crane to pay reasonable costs and attorney's fees[1] associated with this matter and order her to produce the documents originally requested in Plaintiff's subpoena.

II.     Report

    A.      Certified Facts

The undersigned certifies the following facts in accordance with 28 U.S.C. § 636(e)(6)(B):

1. On October 13, 2014, Plaintiff's counsel served a subpoena on Kimberly Crane pursuant to Fed. R. Civ. P. 45, requesting that she produce certain board of director's meeting minutes from the North Rose Towne House Improvement Association. (*See* docket no. 39 at 11, 14.)

2. The requested documents were to be produced to Plaintiff's counsel by 5:00 p.m. on November 13, 2014, but Ms. Crane did not respond. (*See* docket no. 39.)

3. Plaintiff's counsel contacted Ms. Crane on November 20, 2014, to inquire as to the status of the production, but again, she did not respond. (*See id.* at 21.)

4. On Plaintiff's Motion, the Court ordered Ms. Crane to appear at a show-cause hearing on May 6, 2015. (Docket no. 48.)

---

[1] At the May 6, 2015 hearing, the Court ordered Plaintiff to submit a bill of costs within 14 days.

5. The Court further ordered Ms. Crane to produce the requested documents at or before the hearing. (*Id.*)

6. Ms. Crane did not produce the documents or appear at the hearing.

### B. Governing Law

Fed. R. Civ. P. 45 governs the issuance of subpoenas for the discovery of information from third parties. Rule 45(e) provides that the "issuing court may [on its own or on a party's motion] hold in contempt a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). But "[e]xcept in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Rather, the Magistrate Judge must proceed under 28 U.S.C. § 636(e)(6)(B)," which requires the Magistrate Judge to "certify the facts to a district judge" who "shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *U.S. v. Hendrickson*, No. 06-11753, 2010 WL 2318770, at *1 (Apr. 16, 2010); 28 U.S.C. § 636(e)(6)(B).

### C. Analysis

It is within the Court's sound discretion whether to hold an individual in contempt, but such a sanction "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, INEW v. Cary's Elec. SErv. Co.,* 340 F.3d 373, 378 (6th Cir. 2003). Moreover, when contempt is sought by a party, the party seeking contempt must demonstrate by clear and convincing evidence that the individual "violated a definite and specific order of the court

3

requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *M & C Corp. v. Erwin Behr EmbH & Co.*, 289 F. App'x 927, 935 (6th Cir.2008) (internal quotations omitted). Any ambiguity in the Court's order is resolved "in favor of the party charged with contempt." *Id.* The burden then shifts to the individual charged with contempt to show an inability to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

The certified facts noted above support Plaintiff's request for contempt. Ms. Crane was properly served with a subpoena under Rule 45, and she failed to comply with the same. She was then ordered by the Court to appear at a hearing on May 6, 2015. Again, she failed to comply. Neither the subpoena nor the Court's order were ambiguous.

### D. Conclusion

For the reasons stated above, the undersigned recommends granting Plaintiff's request to hold Ms. Crane in contempt. The Court should also require Ms. Crane to pay Plaintiff's reasonable costs and attorney's fees associated with this matter and should require her to produce the documents originally requested by Plaintiff.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report

4

and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 8, 2015         s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Kimberly Crane at 124 S. Christine, Mt. Clemens, MI 48043 on this date.

Dated: May 8, 2015         s/ Lisa C. Bartlett
                           Case Manager