UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,

    Plaintiff,                                    Case No. 14-cv-11001

v.                                                   HONORABLE STEPHEN J. MURPHY, III

SCHLOTTMAN & WAGNER, PC,
a Michigan Professional Corporation, and
RICHARD WAGNER, JR.,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (document no. 53)**

    Plaintiff Jeffrey Welther ("Welther") filed a complaint on March 7, 2014, alleging that the Defendant, Schlottman & Wagner, P.C., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Michigan Collection Practices Act, Mich. Comp. Laws § 445.251 ("MCPA") while attempting to collect a debt from Welther. Compl., ECF No. 1. Schlottman & Wagner, P.C. is a law firm based in Macomb County. On April 14, 2015, Welther filed a Motion to Amend the Complaint to add Defendant Richard Wagner, Jr., which was granted. Mot. Am. Compl., ECF No. 25, Or. Gr. Mot. Am. Compl., ECF No. 48. Defendant Wagner is not a party to the issue resolved by the present order.

    On October 13, 2014, Welther served a subpoena to Kimberly Crane ("Crane"), a board member of North Rose Towne Houses Association, an entity that had retained the Defendant law firm for debt collection against Welther. The subpoena, filed pursuant to Civil Rule 45, requested that by November 13, 2014, Crane produce documents that related to "(a) [t]he assessment of any cost and fees against Jeffrey Welther; (b) [t]he appointment of Schlottman & Wagner, P.C. as counsel for North Rose; [and] © [a]ttorneys' fees to be

assessed to stockholders of North [R]ose due to unpaid home owners association dues." Mot. Sh. Cause, Ex. A, ECF No. 39. Crane failed to respond to the subpoena. On December 18, 2014, Welther filed a Motion for Order to Show Cause why Crane should not be held in contempt. Mot. Sh. Cause, ECF No. 39. The Court referred the matter to Magistrate Judge Mona K. Majzoub, who granted the motion and ordered Crane to appear at a hearing on May 6, 2015. Or. Gr. Mot. Sh. Cause, ECF No. 48.

Crane did not appear at the hearing and Welther requested that Crane be held in contempt. On May 8, 2015, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court should hold Crane in contempt for failing to comply with Welther's subpoena and for failing to appear at the May 6 hearing. Report, ECF No. 53. The Report also recommended that Crane should be ordered to pay reasonable costs and attorney's fees associated with the matter and to produce the documents requested in Welther's subpoena. *Id.* At the May 6 hearing, the court gave Welther 14 days to submit a bill of costs related to the Crane matter. *Id.* Welther failed to file a bill with the Court.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither party filed objections, de novo review of the Report's conclusions is not required. After reviewing the Report's analysis, the Court finds that its conclusions are factually based and legally sound. As such, it adopts the Report's findings.

2

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 53) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Court finds Kimberly Crane in civil contempt.

**IT IS FURTHER ORDERED** that Kimberly Crane immediately produce the documents originally requested by Welther in the October 13, 2014 subpoena.

**IT IS FURTHER ORDERED** that Welther submit to the Court a bill of reasonable costs related to the Crane matter within three (3) days of the date of this order.

If Welther fails to submit the bill of costs or if Welther submits a bill of costs that the Court deems unacceptable, the Court will vacate the award of costs.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2015, by electronic and/or ordinary mail.

s/M. Beauchemin
Case Manager