UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,

    Plaintiff,

v.

SCHLOTTMAN & WAGNER, P.C. and
RICHARD WAGNER, JR.,

    Defendants.

                                         /

Case No. 2:14-cv-11001

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER AWARDING DAMAGES

Plaintiff Jeffrey Welther sued Defendants Schlottman & Wagner, P.C. and Richard Wagner, Jr. under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Michigan Regulation of Collection Practices Act, Mich. Comp. Laws § 445.251 et seq.. The Court granted Plaintiff's motion for summary judgment on the federal claim, ordered briefing on damages, and referred the parties to mediation to resolve the damages issue. The parties were unable to reach a settlement through mediation, so the Court will now determine damages.

## DISCUSSION

Plaintiff seeks $2,000 in statutory damages, $36,628.00 in attorney fees, and $406.69 in costs, for a total of $39,034.69. Notice 7, ECF No. 70.

I.    <u>Statutory Damages</u>

Plaintiff "has chosen to forego his claim for actual damages in lieu of his claim for statutory damages." Notice 2, ECF No. 70. He seeks $2,000 in statutory damages — $1,000 from each Defendant. Pursuant to 15 U.S.C. § 1692k(a)(2)(A), plaintiffs can receive from each Defendant statutory damages of up to $1,000, as determined by the Court. *See*

*Ganske v. Checkrite, Ltd.*, No. 96-C-0541-S, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997) ("Because § 1692k(a) imposes liability for statutory damages upon 'any debt collector who fails to comply with [the act],' statutory damages can be imposed against more than one defendant debt collector in a single proceeding if it is established by the plaintiff that each debt collector independently violated the FDCPA.").

Defendants contend that "it is doubtful that a jury will award Plaintiff any damages at all," and thus conclude that Plaintiff is not entitled to recover any statutory or actual damages, and must instead prove his damages at trial. Resp. 2, ECF No. 71. But Plaintiff has made clear that he will forego his claim for actual damages in lieu of his claim for statutory damages. And the Court has discretion to assess statutory damages. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, No. 1:06-CV-1397, 2011 WL 1434679, at *2 n.5 (N.D. Ohio Apr. 14, 2011) (citing 15 U.S.C. §§ 1692k(a)(2)(A) and (b) ("[P]roviding statutory damages shall be awarded as the *court* may allow . . . [and] providing that in determining the amount of liability, the *court* shall consider the factors.") (emphasis in citation)); *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.").

The Court has determined that the statute was violated, *see* Order, ECF No. 65, and will exercise its discretion to determine the amount of statutory damages. The Court must balance the purpose of the FDCPA — which is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses," *Fed. Home*

*Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) — against several factors, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, both Defendants are debt collectors, and are thus subject to statutory damage penalties. But it is not clear — either from Plaintiff's notice of damages or his summary judgment motion — that Defendants' violations constituted frequent and persistent willful or negligent noncompliance with the statute such that Plaintiff is entitled to the full $1,000 from each Defendant. Plaintiff did allege that at one point Defendants issued a second letter demanding additional money for attorney fees. And when Plaintiff called to ask why he owed the debt, he could not get a straight answer. Am. Compl. ¶¶ 18–19, ECF No. 49. But there is little evidence to support Plaintiff's claim that the violation was "frequent and consistent, and was of a threatening nature." *See* Reply 2, ECF No. 76. The letter violated the statute, but its tone was neither threatening nor abusive. And without more evidence that Defendants' noncompliance with the statute was intentional, there is an insufficient basis for an award of statutory damages greater than $250 — $125 from each Defendant.

II. <u>Attorney Fees and Costs</u>

Plaintiff also seeks reasonable costs and attorney fees associated with the case. The FDCPA authorizes an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Defendants argue that Plaintiff has not established that he is the "prevailing party" such that he is entitled to an award of attorney fees. Resp. 1, ECF No. 71. That is incorrect. The Court determined that Defendants violated the statute. *See* Order, ECF No. 65. The Court's instant award of $250

in statutory damages provides Plaintiff with relief on the merits of his claim, and is sufficient to make him a prevailing party. Accordingly, an award of costs and attorney fees is available.

According to an attached invoice, Plaintiff's counsel's work totaled $36,628.00: $20,650.00 for 59 hours of work by attorney Gary Nitzkin at $350 an hour; $14,970.00 for 49.9 hours of work by attorney Travis Shackelford at $300.00 an hour; and $1,008 for 7.2 hours of work by paralegals at $140.00 an hour. Invoice, ECF No. 70-1; *see also* Notice 7, ECF No. 70. Plaintiff's attorneys contend that their fee is reasonable by providing the invoice and a rate chart from the Michigan Bar Journal showing a $335 per hour median billing rate for consumer law cases.

The Sixth Circuit has identified several factors for courts to consider in determining the lodestar amount, which is calculated by multiplying the reasonable number of hours billed by a reasonable rate. *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The Court also considers the market rate charged by lawyers of comparable experience. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).

In his notice, Plaintiff lists the factors the Court should consider, but provides no analysis as to how those factors apply the instant matter. *See* Notice 4–5, ECF No. 70. Nevertheless, the Court finds that time and labor required of the Plaintiff's attorneys to skillfully litigate the case was justified. The case has spanned several years, and Plaintiff's attorneys have had to overcome several hurdles to reach the conclusion. *See* Order 1–3, ECF No. 66. Above all things, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Isabel*, 404 F.3d at 416 (quotations omitted). Although Plaintiff did not receive the fullest possible amount of statutory damages

available to him, his attorneys ensured his success in all other respects, including a successful motion for summary judgment. In their brief, Defendants contend that "attorney's fees were the real impetus behind the filing and continuation of this action," and point to Plaintiff's rejection of Defendants' Offer of Judgment at a very early stage in litigation as something the Court should consider when determining an award of attorney fees and costs. Resp. 3, ECF No. 71. But as Plaintiff points out in his Reply, the offer was made while Plaintiff's motion to add Defendant Richard Wagner, Jr. to the case was still pending. Reply 2–3, ECF No. 76. Acceptance of the offer would have ended the matter and foreclosed any possibility of collecting statutory damages against Wagner. *Id.* The move to add Wagner to the case, Plaintiff argues, was also influenced by Plaintiff's later-confirmed suspicion that Defendant Schlottman & Wagner, P.C. would dissolve and become uncollectable following an adverse judgment. *Id.* at 3. The Court is satisfied with Plaintiff's explanation.

Having considered the factors and the documentation offered by the Plaintiff's attorneys, which is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation," *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984), the Court finds that Plaintiff's attorneys have successfully prosecuted their client's case, and deserve their associated fees. Accordingly, the Court will award Plaintiff $36,628.00 in attorney fees and $406.69 in costs.

5

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff shall recover of the Defendants $250.00 in statutory damages and $37,034.69 in costs and attorney fees, resulting in a total amount of $37,284.69.

**IT IS FURTHER ORDERED** that the Court will decline to exercise jurisdiction over Plaintiff's remaining state-law claim, *see* 28 U.S.C. § 1367(c), and that claim is **DISMISSED WITHOUT PREJUDICE**. As a result, the case is **CLOSED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager