UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY WELTHER,

       Plaintiff,                        Case No. 2:14-cv-11001

v.                                      HONORABLE STEPHEN J. MURPHY, III

SCHLOTTMAN & WAGNER, P.C. and
RICHARD WAGNER, JR.,

       Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR RECONSIDERATION [79]**

      Plaintiff Jeffrey Welther sued Defendants Schlottman & Wagner, P.C. ("SWPC") and Richard Wagner, Jr. ("Wagner") under the Fair Debt Collection Practices Act and the Michigan Collection Practices Act. The Court granted Plaintiff's motion for summary judgment on the federal claim, ordered briefing on damages, and referred the parties to mediation to resolve the damages issue. After the parties failed to settle the case through mediation, the Court issued an order dismissing the case, and awarding Plaintiff $36,628.00 in attorney fees, $406.69 in costs, and $250.00 in statutory damages. Before the Court is Wagner's *in propria persona* motion for reconsideration of that order.

      "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). The movant must show (1) a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled"; and (2) that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

First, Wagner seeks clarification as to the allocation of the damages for each defendant "with respect to attorney's fees or costs." ECF 79, PgID 957. While the order states that statutory damages of $125.00 are awarded against each Defendant, ECF 77, PgID 951, it does not specify the distribution of attorney fees and costs as to each defendant. Although SWPC was a named defendant from the start, Wagner was not added to the case in his individual capacity until April 22, 2015, and did not file an answer until May 19, 2015. *See* ECF 49, 55. At that point, Plaintiff's counsel had already incurred a significant portion of its requested attorney fees. Although Wagner remains responsible for Plaintiff's costs associated with service of process and the filing the overall action, he should not pay for fees incurred before he became party to the case.

Accordingly, the Court excludes Wagner from the award of requested attorney fees incurred prior to May 19, 2015 (when Wagner filed an Answer to the amended complaint). That portion applies to SWPC only. Fees incurred after May 19, 2015 and costs associated with the overall action, however, are awarded against SWPC and Wagner jointly and severally. *See, e.g.*, *Haddad v. Charles Riley & Assocs., Inc.*, No. 09-12597, 2011 WL 2581918 (E.D. Mich. June 21, 2011) (awarding attorney fees on a joint and several basis, but apportioning the award relative to the timing and nature of each defendant's involvement in the case).

Second, Wagner claims the award was improper because Plaintiff's counsel spent an unnecessary amount of time on uncomplicated issues, and much of counsel's billing was incurred needlessly due to antagonistic behavior between Plaintiff's counsel and Defendants' former attorney, Thomas Budzynski. ECF 79, PgID 957–59. Antagonistic behavior exacerbated the proceedings, but both sides were to blame—not just Plaintiff's

counsel. *See* ECF 66, PgID 871. To the extent that any of these fees are not otherwise exempted by this order, *see infra*, SWPC remains responsible for fees incurred as a result of delays for which their own counsel was at least partially responsible. As for billing unnecessarily caused by the attorneys' behavior, it would be improper for the Court to reconsider an award of fees generated as a result of the adversarial nature of civil litigation.

Third, Wagner argues that part of the award of attorney fees and costs resulted in a windfall to Plaintiff's counsel. ECF 79, PgID 968. In particular, Wagner points to discovery-related fees that were requested and addressed in the Court's March 3, 2016 order (ECF 51, 79) and fees awarded in the Court's September 10, 2015 order (ECF 63).[1] According to Wagner, those fees and costs—though already paid—were nevertheless included in Plaintiff's calculated total of attorney fees awarded by the Court on January 10, 2017.

Welther's objection is well-taken. Upon careful review of the invoices, the Court finds that $11,525.00 of the fees included in Plaintiff's notice were already requested by Plaintiff and addressed in the Court's March 2016 order. *Compare* ECF 51-1, PgID 672–680 *with* ECF 70-1, PgID 886–910. And $480.00 of fees from two entries included in Plaintiff's notice were already requested and addressed in relation to the Crane matter. *See* 2/20/15 & 9/10/15 Entries, ECF 70-1, PgID 901, 907. The $687.80 award from the March 2016 order was paid, *see id.* at 910, and with nothing in the record to suggest otherwise, the Court presumes that the award related to the Crane matter was paid. Having already adjudicated the dispute over those fees, the Court will reduce the January 2017 award by $12,005.00.

---

[1] To the extent that any fees regarding the Crane matter were billed after May 19, 2015, the Court construes them as SWPC's responsibility, as the pertinent events occurred before Richard Wagner was made party to the case.

To recap, the Court will vacate its January 2017 order in part and issue the following award in its stead: the fees incurred before May 19, 2015 will be apportioned against SWPC only, less $12,005.00 (the amount previously requested by Plaintiff and addressed by the Court)—for a total of $16,504.60; the fees incurred after May 19, 2015 and the costs associated with the overall action will be apportioned against Defendants SWPC and Wagner jointly and severally—a total of $8,531.69; and $125.00 in statutory damages shall be recovered against each defendant individually.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Wagner's Motion for Reconsideration [79] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court's January 10, 2017 Order and Judgment are **VACATED IN PART** in accordance with the instant Order.

**IT IS FURTHER ORDERED** that Plaintiff shall recover $125.00 in statutory damages and $16,504.60 in attorney fees from Defendant SWPC only, $125.00 in statutory damages from Defendant Wagner only, and $8,531.69 from Defendants SWPC and Wagner on a joint and several basis. An amended judgment shall follow.

**SO ORDERED**.

Dated: July 19, 2017

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 19, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager